UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION at LONDON

CIVIL ACTION NO. 06-202-GWU

CYNTHIA HENSON,                                               PLAINTIFF,

VS.                          **MEMORANDUM OPINION**

MICHAEL J. ASTRUE,
COMMISSIONER OF SOCIAL SECURITY,               DEFENDANT.

## INTRODUCTION

The plaintiff brought this action to obtain judicial review of an administrative denial of her applications for Supplemental Security Income (SSI) and Disability Insurance Benefits (DIB). The appeal is currently before the Court on cross-motions for summary judgment.

## APPLICABLE LAW

The Sixth Circuit Court of Appeals has set out the steps applicable to judicial review of Social Security disability benefit cases:

1.  Is the claimant currently engaged in substantial gainful activity? If yes, the claimant is not disabled. If no, proceed to Step 2. See 20 C.F.R. 404.1520(b), 416.920(b).

2.  Does the claimant have any medically determinable physical or mental impairment(s)? If yes, proceed to Step 3. If no, the claimant is not disabled. See 20 C.F.R. 404.1508, 416.908.

3.  Does the claimant have any severe impairment(s)--i.e., any impairment(s) significantly limiting the claimant's physical or mental ability to do basic work activities? If yes, proceed to

1

Henson

>    Step 4.  If no, the claimant is not disabled. <u>See</u> 20 C.F.R. 404.1520(c), 404.1521, 416.920(c), 461.921.

4.  Can the claimant's severe impairment(s) be expected to result in death or last for a continuous period of at least 12 months? If yes, proceed to Step 5. If no, the claimant is not disabled. <u>See</u> 20 C.F.R. 404.920(d), 416.920(d).

5.  Does the claimant have any impairment or combination of impairments meeting or equaling in severity an impairment listed in 20 C.F.R. Part 404, Subpart P, Appendix 1 (Listing of Impairments)? If yes, the claimant is disabled. If no, proceed to Step 6. <u>See</u> 20 C.F.R. 404.1520(d), 404.1526(a), 416.920(d), 416.926(a).

6.  Can the claimant, despite his impairment(s), considering his residual functional capacity and the physical and mental demands of the work he has done in the past, still perform this kind of past relevant work? If yes, the claimant was not disabled. If no, proceed to Step 7. <u>See</u> 20 C.F.R. 404.1520(e), 416.920(e).

7.  Can the claimant, despite his impairment(s), considering his residual functional capacity, age, education, and past work experience, do other work--i.e., any other substantial gainful activity which exists in the national economy? If yes, the claimant is not disabled. <u>See</u> 20 C.F.R. 404.1505(a), 404.1520(f)(1), 416.905(a), 416.920(f)(1).

<u>Garner v. Heckler</u>, 745 F.2d 383, 387 (6th Cir. 1984).

Applying this analysis, it must be remembered that the principles pertinent to the judicial review of administrative agency action apply. Review of the Commissioner's decision is limited in scope to determining whether the findings of fact made are supported by substantial evidence. <u>Jones v. Secretary of Health and Human Services</u>, 945 F.2d 1365, 1368-1369 (6th Cir. 1991). This "substantial

Henson

evidence" is "such evidence as a reasonable mind shall accept as adequate to support a conclusion;" it is based on the record as a whole and must take into account whatever in the record fairly detracts from its weight. Garner, 745 F.2d at 387.

One of the detracting factors in the administrative decision may be the fact that the Commissioner has improperly failed to accord greater weight to a treating physician than to a doctor to whom the plaintiff was sent for the purpose of gathering information against his disability claim. Bowie v. Secretary, 679 F.2d 654, 656 (6th Cir. 1982). This presumes, of course, that the treating physician's opinion is based on objective medical findings. Cf. Houston v. Secretary of Health and Human Services, 736 F.2d 365, 367 (6th Cir. 1984); King v. Heckler, 742 F.2d 968, 973 (6th Cir. 1984). Opinions of disability from a treating physician are binding on the trier of fact only if they are not contradicted by substantial evidence to the contrary. Hardaway v. Secretary, 823 F.2d 922 (6th Cir. 1987). These have long been well-settled principles within the Circuit. Jones, 945 F.2d at 1370.

Another point to keep in mind is the standard by which the Commissioner may assess allegations of pain. Consideration should be given to all the plaintiff's symptoms including pain, and the extent to which signs and findings confirm these symptoms. 20 C.F.R. Section 404.1529 (1991). However, in evaluating a claimant's allegations of disabling pain:

Henson

> First, we examine whether there is objective medical evidence of an underlying medical condition. If there is, we then examine: (1) whether objective medical evidence confirms the severity of the alleged pain arising from the condition; or (2) whether the objectively established medical condition is of such a severity that it can reasonably be expected to produce the alleged disabling pain.

Duncan v. Secretary of Health and Human Services, 801 F.2d 847, 853 (6th Cir. 1986).

Another issue concerns the effect of proof that an impairment may be remedied by treatment. The Sixth Circuit has held that such an impairment will not serve as a basis for the ultimate finding of disability. Harris v. Secretary of Health and Human Services, 756 F.2d 431, 436 n.2 (6th Cir. 1984). However, the same result does not follow if the record is devoid of any evidence that the plaintiff would have regained his residual capacity for work if he had followed his doctor's instructions to do something or if the instructions were merely recommendations. Id. Accord, Johnson v. Secretary of Health and Human Services, 794 F.2d 1106, 1113 (6th Cir. 1986).

In reviewing the record, the Court must work with the medical evidence before it, despite the plaintiff's claims that he was unable to afford extensive medical work-ups. Gooch v. Secretary of Health and Human Services, 833 F.2d 589, 592 (6th Cir. 1987). Further, a failure to seek treatment for a period of time may be a factor to be considered against the plaintiff, Hale v. Secretary of Health and Human Services, 816 F.2d 1078, 1082 (6th Cir. 1987), unless a claimant simply has no way to afford

4

Henson

or obtain treatment to remedy his condition, McKnight v. Sullivan, 927 F.2d 241, 242 (6th Cir. 1990).

Additional information concerning the specific steps in the test is in order.

Step six refers to the ability to return to one's past relevant category of work. Studaway v. Secretary, 815 F.2d 1074, 1076 (6th Cir. 1987). The plaintiff is said to make out a prima facie case by proving that he or she is unable to return to work. Cf. Lashley v. Secretary of Health and Human Services, 708 F.2d 1048, 1053 (6th Cir. 1983). However, both 20 C.F.R. 416.965(a) and 20 C.F.R. 404.1563 provide that an individual with only off-and-on work experience is considered to have had no work experience at all. Thus, jobs held for only a brief tenure may not form the basis of the Commissioner's decision that the plaintiff has not made out its case. Id. at 1053.

Once the case is made, however, if the Commissioner has failed to properly prove that there is work in the national economy which the plaintiff can perform, then an award of benefits may, under certain circumstances, be had. E.g., Faucher v. Secretary of Health and Human Services, 17 F.3d 171 (6th Cir. 1994). One of the ways for the Commissioner to perform this task is through the use of the medical vocational guidelines which appear at 20 C.F.R. Part 404, Subpart P, Appendix 2 and analyze factors such as residual functional capacity, age, education and work experience.

Henson

One of the residual functional capacity levels used in the guidelines, called "light" level work, involves lifting no more than twenty pounds at a time with frequent lifting or carrying of objects weighing up to ten pounds; a job is listed in this category if it encompasses a great deal of walking or standing, or when it involves sitting most of the time with some pushing and pulling of arm or leg controls; by definition, a person capable of this level of activity must have the ability to do substantially all these activities. 20 C.F.R. 404.1567(b). "Sedentary work" is defined as having the capacity to lift no more than ten pounds at a time and occasionally lift or carry small articles and an occasional amount of walking and standing. 20 C.F.R. 404.1567(a), 416.967(a).

However, when a claimant suffers from an impairment "that significantly diminishes his capacity to work, but does not manifest itself as a limitation on strength, for example, where a claimant suffers from a mental illness . . . manipulative restrictions . . . or heightened sensitivity to environmental contaminants . . . rote application of the grid [guidelines] is inappropriate . . ." Abbott v. Sullivan, 905 F.2d 918, 926 (6th Cir. 1990). If this non-exertional impairment is significant, the Commissioner may still use the rules as a framework for decision-making, 20 C.F.R. Part 404, Subpart P, Appendix 2, Rule 200.00(e); however, merely using the term "framework" in the text of the decision is insufficient, if a fair reading of the record reveals that the agency relied entirely on the grid. Ibid. In such cases, the agency may be required to consult a vocational specialist. Damron v. Secretary, 778 F.2d

279, 282 (6th Cir. 1985). Even then, substantial evidence to support the Commissioner's decision may be produced through reliance on this expert testimony only if the hypothetical question given to the expert accurately portrays the plaintiff's physical and mental impairments. <u>Varley v. Secretary of Health and Human Services</u>, 820 F.2d 777 (6th Cir. 1987).

## DISCUSSION

The plaintiff, Cynthia Henson, was found by an Administrative Law Judge (ALJ) to have "severe" impairments consisting of arthralgias, recurrent major depression with psychotic features, bipolar II disorder (provisional), an impulse control disorder, panic attacks with agoraphobia, a history of cervical/thoracic/lumbar strains, and complaints of back pain, auditory hallucinations, and sleep disturbances. (Tr. 16). Nevertheless, based in part on the testimony of a vocational expert (VE), the ALJ determined that Mrs. Henson retained the residual functional capacity to perform her past relevant work as a production laborer and an inspector and, therefore, was not entitled to benefits. (Tr. 19-21). The Appeals Council declined to review, and this action followed.

At the administrative hearing, the ALJ had asked the VE whether a person of the plaintiff's age, education, and work experience could perform any jobs if she were restricted to work settings involving only simple tasks and instructions, in object-focused settings, and only casual and infrequent supervisor or co-worker contact. (Tr. 470). The VE responded that the plaintiff's past manufacturing jobs

would be appropriate, and also mentioned her past job as an inspector, although the transcribed specific response available to the Court is designated "inaudible." (Id.). The ALJ then asked if the jobs of inspector and production laborer would be available if the restrictions were characterized as "moderate" limitations in maintaining extended attention/concentration, dealing with the public, responding appropriately to changes in the work setting, setting realistic goals or making plans independently of others. (Tr. 471). The VE's answer to this question is also given in the transcript as "inaudible." (Id.). The ALJ stated in his decision that the VE's response was affirmative. (Tr. 20, n.3).

On appeal, this Court must determine whether the administrative decision is supported by substantial evidence.

The plaintiff does not challenge the ALJ's finding that the plaintiff would have no physical restrictions. The one issue she raises is the adequacy of the hypothetical question and the vocational testimony.

Although the plaintiff received treatment at the Cumberland River Comprehensive Care Center (CCC) in 2004 and 2005, for conditions diagnosed by the staff psychiatrist, Dr. John Schremly, as moderate major depression, cannabis abuse in early full remission, an impulse control disorder, and "provisional" bipolar II disorder, with a Global Assessment of Functioning (GAF) score of 55 (Tr. 229, 233-4, 256-8, 333), no specific functional restrictions are given. A GAF score of 55

equates to moderate symptoms. <u>Diagnostic and Statistical Manual of Mental Disorders</u> (4th Edition-Text Revision) (DSM-IV-TR), p. 34.[1]

Dr. Ilze Sillers, a state agency psychologist who reviewed a portion of the record, opined that Mrs. Henson would have a "moderately limited" ability to maintain attention and concentration for extended periods, interact appropriately with the general public, and respond appropriately to changes in the work setting. (Tr. 260-2). Another state agency psychologist, Dr. Laura Cutler, affirmed the Sillers opinion without additional comment. (Tr. 281-3, 297).

The plaintiff argues that the opinions of the state agency reviewers should have been binding and, given that the VE's answer to the hypothetical question reflecting their opinions was inaudible, there was no basis for finding that she could return her past relevant work. She also notes that Dr. Sillers provided additional detail in the Mental Residual Functional Capacity form which was omitted from the

---

[1] The plaintiff notes that at certain points, Dr. Schremly indicated on Axis IV of his "multiaxial assessment" that the plaintiff was "disabled" (e.g. Tr. 333), and suggests that it was error for the ALJ not to discuss this indication. However, the DSM-IV-TR states that "Axis IV is for reporting psychosocial and environmental problems that may affect the diagnosis, treatment, and prognosis of mental disorders" such as "a negative life event, an environmental difficulty or deficiency, a familial or other interpersonal stress, an inadequacy of social support or personal resources, or other problem relating to the context in which a person's difficulties have developed." <u>Id.</u> at 31. In other words, as a listing of "problems" it does not necessarily reflect the professionally-considered conclusions of the mental health source. Moreover, the statement that the plaintiff was "disabled" would reflect a vocational conclusion outside a psychiatrist's area of expertise, even assuming that Dr. Schremly was giving this as his opinion. Consequently, no useful purpose would be served by remand on this issue.

Henson

hypothetical question. Specifically, Dr. Sillers stated that Mrs. Henson could "maintain concentration and attention for two hour segments over an eight-hour period." (Tr. 264).

However, the plaintiff must prove that she cannot return to her past relevant work before the burden shifts to the defendant to show that there are jobs existing economy which she can perform. The plaintiff has submitted no evidence that she would be unable to perform her past work, even with all of the restrictions given by Dr. Sillers. The VE did testify that if a person was unable to sustain attention, concentration, persistence and pace in a reliable manner for eight hours a day, five days a week, there would be no jobs that she could perform. (Tr. 471). The plaintiff's evidence falls far short of establishing this level of restriction, which is inconsistent with a GAF of 55 as given by the treating source, and is clearly inconsistent with the specific restrictions identified by the state agency sources.

The Court concludes that the plaintiff did not carry her burden. The decision will be affirmed.

This the 28th day of February, 2007.



Signed By:
<u>G. Wix Unthank</u>
**United States Senior Judge**

10